**Jennifer K. Oetter, OSB #953728**
Jennifer.Oetter@lewisbrisbois.com
**Eric M. Werner, OSB #213834**
Eric.Werner@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD &
SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant Providence Health &
Services – Oregon, dba Providence Medford
Medical Center*

Honorable Mark D. Clarke

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIESE BEHRINGER,<br><br>   Plaintiff,<br><br> vs.<br><br>CITY OF ASHLAND; TIGHE O'MEARA, CHIEF OF CITY OF ASHLAND POLICE DEPARTMENT, IN HIS OFFICIAL CAPACITY; JUSTIN MCCREADIE, IN HIS INDIVIDUAL CAPACITY; JANE AND JOHN DOE ASHLAND POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITIES; PROVIDENCE HEALTH CARE EMPLOYEES; JANE AND JOHN ROE PROVIDENCE HEALTH CARE EMPLOYEES; ABC CORPORATIONS I-X; BLACK AND WHITE PARTNERSHIPS I-X; AND SOLE PROPRIETORSHIPS OR TRUSTS I-X,<br><br>   Defendants. | Case No. 1:21-CV-01520-CL<br><br>**DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS TO DISMISS**<br><br>**Oral Argument Requested** |

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## I.    <u>LR 7-1 CERTIFICATION</u>

Pursuant to LR 7-1, the undersigned counsel certifies that, on January 27, 2022, Jennifer Oetter, counsel for Providence Health & Services, conferred in good faith via telephone with Joy Bertrand, counsel for Plaintiff, regarding the subjects addressed in these motions. The parties were unable to resolve the issues in dispute and request court assistance.

## II.    <u>MOTIONS</u>

Pursuant to Rule 12(b)(6), defendant Providence Health & Services – Oregon[1] asks this Court to dismiss all of plaintiff Liese Behringer's ("plaintiff") claims against Providence Medford Medical Center ("PMMC") with prejudice on the grounds that the allegations fail to state claims upon which relief can be granted.

## III.    <u>STATEMENT OF FACTS</u>

This lawsuit arises out of the execution of a search warrant on October 19, 2019. Complaint ("Compl."), ¶ 39. On October 29, Ashland Police Officer Justin McCreadie pulled plaintiff over because he suspected that she was driving while impaired. Compl. ¶ 44. Plaintiff states she was unable to provide a breath sample at the police station and refused to provide a urine sample. Compl. ¶ 48, 51. Officer McCreadie applied for and received a search warrant to obtain samples of plaintiff's blood and urine. Compl. ¶ 53.

Officer McCreadie took plaintiff to Providence Medford Medical Center to execute the search warrant. Compl. ¶ 57. When she did not voluntarily provide a urine sample, medical staff at PMMC inserted a catheter to obtain the urine sample for the warrant. Compl. ¶ 60. Plaintiff

---

[1] Plaintiff has been advised through counsel that "Providence Health Care" is not the entity we represent, it is not an entity we are familiar with and it is not the entity affiliated with Providence Medford Medical Center.

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 2

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

alleges that the medical staff did nothing to mitigate the pain of the procedure or protect her privacy. Compl. ¶ 61, 62.

Plaintiff alleges that PMMC conspired with law enforcement to violate her civil rights in two ways: (a) when it admitted that catheterization of detained people is "something [it] is often asked to do" and PMMC does it; and (b) that PMMC "will put enforcing a law enforcement officer's unlawful request, to include using physical force, over a detained person's medical best interest." Compl. ¶ 67. Plaintiff further alleges that PMMC "acted as an arm of the State when it conducted the forced catheterization of Plaintiff." Compl. ¶ 69.

## IV.   LEGAL MEMORANDUM

### A.  Legal Standard

The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. FRCP 12(b)(6). Dismissal for failure to state a claim for relief is proper "where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a motion to dismiss, the plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face," *i.e.*, factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–69 (2009). The Court is not bound to accept as true any legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555–57, 570.

When a plaintiff's claim fails to plead facts sufficient to state a claim, it is appropriate to grant a dismissal pursuant to a Rule 12(b)(6) motion at the earliest practicable stage. This is because the complaint's "basic deficiency should ... be exposed at the point of minimum

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations omitted).

> **B.  The Court should dismiss plaintiff's 42 U.S.C. §1986 claim because it is time barred and plaintiff has not satisfied the elements of a §1985 claim.**

Count one alleges a claim to relief under 42 U.S.C. §1983 and §1986 on the theory that PMMC and care providers conspired with state agents and law enforcement officers to violate plaintiff's civil rights. Under 42 U.S.C. §1986, every person who, "having knowledge of any of wrongs conspired to be done, and mentioned in the preceding section [42 U.S.C. §1985] are about to be committed," and having the power to prevent or aid in preventing the commission of the wrong neglects or refuses to do so shall be liable to the party injured.

> *1.  Plaintiff's §1986 claim is time barred.*

The statute of limitations for a §1986 claim is one year from the date of the incident. 42 U.S.C. §1986. See also *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1059 (9th Cir. 2002) (Dismissing a §1986 claim because no act of which the appellants complained occurred within one year of filing the complaint).

Here, the incident giving rise to the cause of action occurred on October 19, 2019. The complaint was filed on October 21, 2021. No act which plaintiff alleges relating to a conspiracy occurred within one year of the complaint being filed. Accordingly, the plaintiff's §1986 claim is time barred by the applicable statute of limitations.

> *2.  A claim for relief under §1986 requires proving an underlying claim under §1985, which plaintiff has not.*

Even if the §1986 allegation was not time barred by the statute of limitations, plaintiff has failed to state a claim for relief. Section 1986 itself refers to wrongs "conspired to be done, and mentioned in the preceding section [42 U.S.C. §1985]." 42 U.S.C. §1986. Accordingly, a claim

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 4

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

under §1986 necessarily depends on the existence of a claim under §1985. *Mollnow v. Carlton*, 716 F.2d 627, 633 (9th Cir. 1983) (Dismissing a claim for relief under §1986 after the court dismissed the underlying §1985 claim) (citation omitted). See also *Sanchez v. City of Santa Ana*, 946 F.2d 1027, 1041 (1990) ("A violation of section 1986 thus depends on the existence of a valid claim under 1985.").

To recover under §1985(3), the plaintiff must allege and prove (1) a conspiracy; (2) for the purpose of depriving a person of equal protection of laws or equal privileges and immunities under the law; (3) an overt act in furtherance of that conspiracy; and (4) that plaintiff was injured or deprived of a right or privilege of a citizen. See *Griffin v. Breckenridge,* 403 U.S. 88 (1971). While §1985 claims may reach private actors in certain circumstances, it was not meant to cover all tortious interferences with the rights of others. *Id.* at 101.

Plaintiff's underlying §1985 claim must fail because she has failed to allege a conspiracy. A mere allegation of conspiracy without factual specificity is insufficient to support a claim. *Sanchez,* 936 F.2d at 1039 (citation omitted). To prove a conspiracy, the plaintiff must show an agreement or meeting of the minds occurred to violate plaintiff's constitutional rights. *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002). The 9th Circuit requires a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights. *Id.* at 445.

Plaintiff has not provided any facts that the PMMC staff and law enforcement agreed to or had a "meeting of the minds" to violate her constitutional rights. Nor has she plead any facts to show a substantial degree of cooperation between PMMC staff and law enforcement. Since a mere allegation of a conspiracy is insufficient to support a §1985 claim, plaintiff also fails to state a §1986 claim.

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 5

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Next, plaintiff's underlying §1985 claim must fail because she has not asserted an overt violation of her rights. Rather than a violation of her rights, the procedure represents the hospital staff reasonably relying on the existence of a warrant and performing procedures to comply with the warrant. A physician is required to have no knowledge of the law of search and seizure to practice his profession. *United States v. Velasquez,* 469 F.2d 264, 266 (9th Cir. 1992). As one court noted, "[p]lainly stated, doctors and nurses are not Fourth Amendment gurus." *Lockard v. City of Lawrenceburg,* 815 F. Supp. 2d 1034, 1052 (S.D. Ind. 2011). Courts across the country have found that a medical professional performing a search at the behest of a police officer is not unreasonable and not a violation of the Fourth Amendment. See *Bustillos v. El Paso Cty. Hosp. Dist.,* 226 F. Supp. 3d 778, 792–93 (W.D. Tex. 2016); *Marshall v. Columbia Lea Reg'l Hosp.* 345 F.3d 1157, 1180 (10th Cir. 2003); *Dubbs v. Head Start, Inc.,* 336 F.3d 1194 (10th Cir. 2003). Medical providers have neither the training nor the information that would be necessary to second-guess police determinations regarding probable cause or exigent circumstances. *Marshall*, 345 F. 3d at 1180. Also, care providers rely on other parties regarding consent and other legally significant representations, so it is reasonable for a care provider to rely on police officers regarding search and seizure law. *Id.* at 1179.

PMMC care providers relied on the existence of a warrant in performing the catheterization and blood draws in this case. It is not incumbent on a medical provider to interrogate the warrant for its validity since they do not have the legal training to do so. Accordingly, plaintiff has failed to state a claim that PMMC staff violated her constitutional rights. She has failed to state an underlying §1985 claim, therefore her §1986 claim in Count One must be dismissed.

### C.  The Court should dismiss plaintiff's 42 U.S.C. §1983 Claims.

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 6

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Counts One through Four allege violations of the Fourth and Fourteenth Amendments. Although the Fourth and Fourteenth Amendments do not individually provide remedies for violations, 42 U.S.C. §1983 provides an avenue for individuals to recover damages against state actors that violate constitutionally protected rights.

A claim under 42 U.S.C. §1983 permits an individual to recover when their rights, privileges or immunities are deprived by someone acting under the color of state law. A §1983 claim has two elements: (1) the conduct that harms the plaintiff must be committed under color of state law and (2) the conduct must deprive the plaintiff of a constitutional right. *Ketchum v. County of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

    1. *Plaintiff has failed to allege that the care providers followed an official policy.*

To recover under §1983 against an employee or individual, a plaintiff must show that the employee followed a custom or policy of the entity. *Schneider v. Sutter Amador Hosp*., 2014 U.S. Dist. LEXIS 152869 at *19 (E.D. Cal. October 28, 2014); See also *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). There is no respondeat superior liability under §1983. *Id.* An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–68 (1970). See also *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Here, plaintiff failed to allege that the care providers were following an official policy of the hospital when they catheterized the plaintiff. Plaintiff has alleged that catheterization for law enforcement is a "common practice" for the hospital. Compl. p. 11, lines 1-2. In support, she

points to the letter in which PMMC admits that "evidence collection is something [the hospital] is often asked to do." Compl. ¶ 66. The letter does not specify what "evidence collection" means, or whether the hospital frequently performs catheterizations for law enforcement. Something a hospital is "often asked to do" does not rise to the level of an official policy; it is more akin to an isolated or sporadic incident. Plaintiff has failed to plead or show facts that such policy or custom exists or was followed by the medical staff here. Accordingly, the §1983 claims against PMMC should be dismissed.

### 2. Plaintiff has failed to allege facts that show the medical professionals were state actors.

To succeed on a §1983 claim, the plaintiff must show that the challenged conduct was committed under the color of state law. *Ketchum* 811 F.2d at 1245. State action can only exist if there is a close nexus between the state and the challenged action such that seemingly private behavior may be treated as that of the state itself. *Brentwood Academy v. Tennessee Secondary School Athletic Association,* 531 U.S. 288, 295–99 (2001).

One test for determining whether such a nexus exists is the joint action test, which asks whether the state has insinuated itself into a position of interdependence with the private actor that it must be recognized as a joint participant in the challenged activity. *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961). Joint activity can be shown by proving the existence of a conspiracy or that the private party was a "willful participant in joint action with the state or its agents." *Franklin v. Fox,* 312 F.3d 423, 445 (9th Cir. 2002). To prove a conspiracy, the plaintiff must show an agreement or meeting of the minds occurred to violate plaintiff's constitutional rights. *Id.* at 441. The 9th Circuit requires a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights. *Id.* at 445. The mere furnishing of information to police officers does not constitute a

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 8

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

conspiracy or "joint action" under color of state law. *Manda v. Albin*, 2019 U.S. Dist. LEXIS 204473 at \*34 (N.D. Cal., Nov. 29, 2019).

The 9th Circuit has consistently determined that "private hospitals and doctors in 1983 claims fail to come within the color of state law." *Amor v. State*, 2009 U.S. Dist. LEXIS 19606 at \*8 (D. Az., Feb. 27, 2009) (citing *Briley v. State of Cal.,* 564 F.2d 849, 855–56 (9th Cir. 1977)); See also *Watkins v. Mercy Med. Center,* 520 F.2d 894, 896 (9th Cir. 1975); *Polk County v. Dodson,* 454 U.S. 312, 319 n. 9 (1981). Other courts have similarly held. See *Brown v. Newberger,* 291 F.3d 89, 93 (1st Cir. 2002); *Preston v. New York,* 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002).

Here, the plaintiff alleges that PMMC "acted as an arm of the State" when it conducted the forced catheterization of plaintiff. Compl. ¶ 69. Plaintiff further alleges that PMMC "conspired with government actors" to violate her rights. Compl. ¶ 74. These bare, conclusory assertions are the only allegations plaintiff offers to show that the medical professionals were state actors in this case. Plaintiff does not allege that a meeting of the minds took place, or that any type of agreement existed between the hospital staff and law enforcement to violate her rights. She does not describe any conversation between law enforcement and hospital staff. Without more, plaintiff's complaint fails to allege that the care providers were acting under the color of law. Without a meeting of the minds, there can be no conspiracy or joint action. Plaintiff has not asserted an alternate theory as to how the hospital staff could be acting under color of law. Accordingly, plaintiff's §1983 claims in Counts One, Two, Three and Four should be dismissed for failure to state a claim.

   3.  *Plaintiff has failed to show that a constitutionally protected right was violated.*

In order to bring a §1983 claim, the plaintiff must show that the conduct deprived her of a

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

constitutional right. *Ketchum*, 811 F.2d at 1245. In the context of qualified immunity, which also looks to whether a plaintiff has alleged the violation of a constitutionally protected right, courts look for a "robust consensus of cases of persuasive authority" that "puts the question beyond debate." *Ashcroft v. al-Kidd,* 563, U.S. 731, 741–42 (2011).

To the extent that plaintiff may argue that her constitutional right to a valid search warrant was violated, PMMC staff should not be liable for interrogating the validity of the search warrant. As explained above, medical providers are not trained in the nuances of Fourth Amendment law. Courts across the country have held that it is reasonable for medical staff to rely on a presumptively valid search warrant when presented with one by law enforcement. See *supra*. Here, PMMC staff reasonably relied on the existence of a warrant to justify their actions. The care providers cannot be liable for any subsequent constitutional violation related to the validity of the warrant.

Furthermore, inserting a catheter to procure a urine sample pursuant to a warrant does not violate a clearly defined constitutionally protected right. There is no "robust consensus of persuasive authority" that puts the question beyond debate. On the contrary, case law from across the country suggests that the question is not resolved. See *Riis v. Shaver*, 458 F.Supp.3d 1130, 1177 (S.D. Dist. Ct. 2020) (noting that, in the context of using a catheter to collect urine pursuant to a warrant, "[T]his Court, like several other courts, hesitates to conclude that there is a "robust consensus of cases of persuasive authority" to put the "constitutional question beyond debate."); See also *Sparks v. Stutler,* 71 F.3d 259, 261 (7th Cir 1995) (Holding that a prison was entitled to immunity despite the unnecessary use of a catheter to obtain a urine sample because of "legal uncertainty surrounding the use of invasive medical procedures in prison."); *Lockard v. City of Lawrenceburg,* 815 F. Supp. 2d 1034, 1046 (S.D. In. 2011) (Noting that the forcible taking of

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 10

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

blood and urine was not a Fourth Amendment violation, because taking samples is "a proper method of seizing evidence for a person suspected of committing an intoxication offence.").

Plaintiff points to *Ellis v. City of San Diego* to support the fact that catheterization is an invasion of personal dignity. Compl. ¶ 80, n. 8. However, that case is inapposite here. In *Ellis,* a parolee was dragged out of his home, sedated, catheterized and blood was drawn from him without his consent. *Ellis v. City of San Diego*, 176 F.3d 1183, 1187 (9th Cir. 1999). The physician that inserted the catheter was prevented from asserting qualified immunity because she violated a constitutional right to be free of searches and seizures without a warrant. *Id.* at 1192. It is well established that warrantless compulsory searches are unreasonable unless supported by probable cause and exigent circumstances. *Id.* Here, there was a warrant and probable cause. Compl. ¶ 53. The clearly established right that was violated in *Ellis* does not apply here. As indicated above, whether a catheterization performed pursuant to a warrant violates the Fourth or Fourteenth Amendments is not a clear area of law.

The uncertainty in the law surrounding whether catheterization pursuant to a warrant is a violation of a constitutionally protected right means that plaintiff has not successfully alleged a violation of a constitutionally protected right. Accordingly, she cannot state a claim under 42 USC §1985(3).

Plaintiff cannot show that a constitutional right was violated. Therefore, she has failed to state a §1983 claim in Counts Two, Three and Four and those claims should be dismissed.

### D. The Court should dismiss plaintiff's Respondeat Superior Claim.

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory. *Shroyer*, 622 F.3d at 1041. See also *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Respondeat superior is not an

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 11

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

independent cause of action, but rather a theory of liability. See *Fidelity Nat. Title. Ins. Co. v. Castle*, 2011 U.S. Dist. LEXIS 141297 (N.D. Cal. Dec 8, 2011) (noting as much and dismissing respondeat superior cause of action).

Count Six of Plaintiff's Complaint alleges a separate cause of action for respondeat superior. However, respondeat superior is a theory of liability, not an independent cause of action. Count Six does not present a cognizable claim and it should be dismissed.

### E.  The Court should dismiss plaintiff's Intentional Tort Claims.

Counts Seven, Eight, Nine and Ten allege intentional tort claims under Oregon law. However, under ORS 133.621, hospitals and medical professionals are immune from civil liability if a physician, or someone acting under direction of a physician, uses a medical procedure to gather evidence in a criminal investigation and that person acts in a medically acceptable manner. Immunity is not conditioned on the existence of probable cause, the existence of a search warrant, or the existence of a court order. *Id.*

In this case, Officer McCreadie brought Plaintiff to PMMC after he obtained a search warrant. Compl. ¶ 53, 57. Medical staff then performed a catheterization pursuant to the search warrant. Compl ¶ 60. Plaintiff alleges that the staff did nothing to protect her privacy or mitigate the pain of the procedure, but she has not alleged that the procedure was not medically acceptable. Compl. ¶ 61, 62. Without an allegation to suggest otherwise, the Complaint shows that medical staff at PMMC gathered potential evidence in a criminal investigation in a medically acceptable manner. Accordingly, the civil immunity should apply, and Counts Seven, Eight, Nine and Ten should be dismissed.

/ / /

/ / /

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 12

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## V.    <u>CONCLUSION</u>

For the reasons discussed herein, the claims against Providence should be dismissed with

prejudice.

DATED this 9th day of February, 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    s/ Jennifer K. Oetter
Jennifer K. Oetter, OSB #953728
Eric M. Werner, OSB #213834
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant Providence Health &*
*Services – Oregon, dba Providence Medford*
*Medical Center*

4892-9415-3484.1
DEFENDANT PROVIDENCE HEALTH & SERVICES – OREGON'S MOTIONS
TO DISMISS - 13

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing **DEFENDANT PROVIDENCE HEALTH &**

**SERVICES – OREGON'S MOTIONS TO DISMISS** on the following attorneys by the method

indicated below on the 9th day of February, 2022:

*Attorney for Plaintiff:*

| Mary Sofia, Esq. | _____ Via First Class Mail |
| Sofia Law LLC | _____ Via Federal Express |
| 25 NW 23rd Avenue, Suite 6 #399 | _____ Via Facsimile |
| Portland, OR 97210 | _____ Via Hand-Delivery |
| mary@sofiadefense.com | ✓ Via E-Mail |

| Joy Bertrand, Esq. | _____ Via First Class Mail |
| Joy Bertrand Law | _____ Via Federal Express |
| PO Box 2734 | _____ Via Facsimile |
| Scottsdale, AZ 85252 | _____ Via Hand-Delivery |
| joy@joybertrandlaw.com | ✓ Via E-Mail |

*Attorneys for Defendant the City of Ashland, Tighe O'Meara, and Justin McCreadie:*

| Thomas Armosino, Esq. | _____ Via First Class Mail |
| Casey S. Murdock, Esq. | _____ Via Federal Express |
| Frohnmayer Deatherage | _____ Via Facsimile |
| 2592 E Barnett Rd | _____ Via Hand-Delivery |
| Medford OR  97504 | ✓ Via E-Mail |
| armosino@fdfirm.com | |
| murdock@fdfirm.com | |

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____ s/ Jennifer K. Oetter _____
Jennifer K. Oetter, OSB #953728
Eric M. Werner, OSB #213834
*Defendant Providence Health & Services –*
*Oregon, dba Providence Medford Medical*
*Center*

4892-9415-3484.1 1
CERTIFICATE OF SERVICE - 1

**Lewis Brisbois Bisgaard & Smith LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801