Jennifer K. Oetter, OSB #953728
Jennifer.Oetter@lewisbrisbois.com
Eric M. Werner, OSB #213834
Eric.Werner@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant Providence Health & Services – Oregon, dba Providence Medford Medical Center*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIESE BEHRINGER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ASHLAND; TIGHE O'MEARA, CHIEF OF CITY OF ASHLAND POLICE DEPARTMENT, IN HIS OFFICIAL CAPACITY; JUSTIN MCCREADIE, IN HIS INDIVIDUAL CAPACITY; JANE AND JOHN DOE ASHLAND POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITIES; PROVIDENCE HEALTH CARE EMPLOYEES; JANE AND JOHN ROE PROVIDENCE HEALTH CARE EMPLOYEES; ABC CORPORATIONS I-X; BLACK AND WHITE PARTNERSHIPS I-X; AND SOLE PROPRIETORSHIPS OR TRUSTS I-X,<br><br>    Defendants. | Case No. 1:21-cv-01520-CL<br><br>**DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

/ / /

4886-4837-9156.1

DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Providence Health & Services – Oregon, dba Portland Medford Medical Center (PMMC) submits the following Reply in support of its multiple and alternative motions to dismiss under FRCP 12(b)(6).

## I.  Reply

### a. The Court should dismiss plaintiff's claim under 42 U.S.C. §1986 because it is time-barred and plaintiff has failed to state a claim.

The statute of limitations has run on plaintiff's §1986 claim in Count One. A claim under §1986 must be brought within one year after the cause of action has accrued. 42 U.S.C. §1986. See also *RK Ventures Inc. v. City of Seattle,* 307 F.3d 1045, 1059 (9th Cir. 2002). Here, the cause of action accrued on the date of the alleged incident in this case: October 19, 2019. Compl. ¶39. However, the complaint was filed more than two years later, on October 21, 2021. More than one year passed between the date that the cause of action accrued and the date the action was commenced. Accordingly, plaintiff's §1986 claim is time-barred and should be dismissed.

Plaintiff's §1986 claim also fails as a matter of law because she has failed to state an underlying claim for relief under §1985. 42 U.S.C. §1986 refers to wrongs "conspired to be done, and mentioned in the preceding section [42 U.S.C. §1985]." Any claim for relief under §1986 necessarily depends on the existence of a claim under §1985. *Mollnow v. Carlton,* 716 F.2d 627, 633; *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1041 (9th Cir 1990).

Plaintiff's §1985 claim fails because she has failed to allege a conspiracy. Plaintiff claims relief under §1985(3). Compl. ¶76. However, to recover under §1985(3), a plaintiff must allege and prove a conspiracy for the purpose of depriving a person of equal protection of laws or equal privileges and immunities under the law. *Griffin v. Breckenridge,* 403 U.S. 88, 96 (1971). A mere allegation of conspiracy without factual specificity is insufficient. *Sanchez,* 936 F.2d at 1029 (citation omitted). Plaintiff must show that a meeting of the minds occurred to violate plaintiff's constitutional rights, and the 9th Circuit requires a substantial degree of cooperation before imposing liability on private individuals for civil rights violations. *Franklin v. Fox*, 312 F.3d 423, 441, 445 (9th Cir. 2002). Moreover, there must be "some racial, or perhaps otherwise

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN
SUPPORT OF MOTION TO DISMISS - 2

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin,* 403 U.S. at 102.

Plaintiff has not plead any facts that show the care providers at PMMC had a "meeting of the minds" to violate her constitutional rights. The complaint merely states a conclusory allegation that the individuals conspired with government actors. See Compl. ¶74. She has also failed to plead or allege a racial or class-based discriminatory animus behind the action. Since a mere conclusory allegation of a conspiracy is insufficient, and a plaintiff must show racial or class-based discrimination, plaintiff has to plead a conspiracy under §1985(3).

Plaintiff's §1986 claim fails as a matter of law because it is time-barred and she has failed to allege and prove facts sufficient to state an underlying §1985(3) claim. Plaintiff's Response asserts no counterargument why the §1986 claim should not be dismissed. Plaintiff's §1986 claim in Count One should be dismissed.

> **b. The Court should dismiss plaintiff's §1983 claims because plaintiff has failed to state claims upon which relief can be granted.**

Plaintiff's §1983 claims fail as a matter of law because she has not sufficiently alleged facts to prove either of the two required elements of a §1983 claim. To state a §1983 claim, a plaintiff must show that (1) Defendants deprived [her] of a right secured by the Constitution or laws of the United States and (2) in doing so, Defendants acted under color of state law." *Jensen v. Lane County,* 222 F.3d 570, 574 (9th Cir. 2000); *Ketchum v. County of Alameda,* 811 F.2d 1243, 1245 (9th Cir. 1987).

> *1. Plaintiff's §1983 claims fail as a matter of law because she has not alleged deprivation of a right secured by the Constitution.*

There is too much uncertainty in the 9th Circuit and from courts across the country to say that medical staff performing a catheterization to extract a urine sample pursuant to a search warrant deprives an individual of a right "secured by the Constitution." Furthermore, it is unreasonable to expect a medical professional to be versed in the intricacies of Fourth and

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 3

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Fourteenth Amendment case law such that they could be liable for performing a medical procedure in compliance with a search warrant.

While PMMC is not asserting qualified immunity, legal precedent granting qualified immunity to individuals who perform searches at the behest of police officers is instructive here. Just as a §1983 claim requires a party to show a deprivation of a right "secured by the Constitution," a plaintiff may overcome a claim of qualified immunity by showing that an official violated a constitutional right and the right was "clearly established" at the time of the conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). A law cannot be clearly established if prior decisions do not give reasonable warning that the conduct at issue violated constitutional rights. *Hope v. Pelzer,* 536 U.S. 730, 740 (2002) ("The central concept is that of 'fair warning[.]'"). Courts look for a "robust consensus of cases of persuasive authority" that puts the question "beyond debate." *Ashcroft,* 563 U.S. at 741–742. The same policy applies to §1983 claims: to determine whether a right is "secured by the Constitution," there must be no question whether the conduct at issue violated constitutional rights so that parties have "fair warning" about the consequences of their conduct.

There is not a robust consensus of cases that puts the question of whether catheterization of a patient pursuant to a search warrant violates the Fourth or Fourteenth Amendments. Instead, the Court is left with a patchwork of cases that are non-binding or factually inapposite. In April, 2020, shortly after the incident in question in this case, a South Dakota District Court was presented with this very question. *Riis v. Shaver,* 458 F. Supp. 3d 1130, 1187–88. The Court reviewed case law on the topic from across the country at that time and concluded "this Court, like several other courts, hesitates to conclude that there is a 'robust consensus of cases of persuasive authority' to put the 'constitutional question beyond debate.'" The Court also noted that the unconstitutionality of catheterization pursuant to a warrant was not obvious based on "common sense and prior general case law." *Id.* See also *Sparks v. Stutler*, 71 F.3d 259, 261 (7th

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN
SUPPORT OF MOTION TO DISMISS - 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Cir. 1995) (Granting a prison immunity despite the use of a catheter to obtain a urine sample because of the "legal uncertainty" surrounding the use of the procedure in a prison setting).

Plaintiff's citation to *Clark v. Djukic* does not resolve the lack of consensus. First, the facts of the case do not parallel this case. In that case, the court denied qualified immunity because a police officer ordered the plaintiff to be catheterized without a warrant. *Clark v. Djukic*, 2017 U.S. Dist. LEXIS 157017 at *19–20 (N.D. Ind. 2017). The court emphasized the trend in case law recognizing citizens to be free from unwarranted medical procedures without the benefit of a search warrant authorized by a detached, neutral judicial officer. *Id.* (citation omitted). Here, there was a search warrant authorized by a detached, neutral judicial officer that compelled the collection of blood and urine. Comp. ¶ 53.[1]

Plaintiff also cites cases that relate to the Fourth Amendment law, but do not specifically address whether catheterization pursuant to a warrant is a violation of the Fourth Amendment. See Response, p. 12–13. The question must be narrowly construed to determine if it is a right "secured by the Constitution" in order to give the medical professionals "fair warning" about the consequences of their conduct. If the *Court* is left with a question of whether the procedure violated Constitutional rights, then *medical professionals*, who do not have legal training, had no chance of knowing that their conduct in performing the procedure would have violated a right secured by the constitution. See *Lockard v. City of Lawrenceburg,* 815 F. Supp. 2d 1034, 1053 (S.D. Ind. 2011) ("Plainly stated, doctors and nurses are not Fourth Amendment gurus.").

Plaintiff's §1983 claims fail as a matter of law because she cannot assert that a right "secured by the Constitution" was violated in this case. If the right is not clearly established for the purpose of qualified immunity analysis, it cannot be "secured by the Constitution" for the purpose of a §1983 claim. This result makes sense considering that the medical professionals, who have no Fourth Amendment training, could not have been on notice that their conduct

---

[1] Plaintiff's reliance on *Ellis v. City of San Diego,* 176 F.3d 1183 (9th Cir. 1999) falls short for the same reason.

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

would have violated a right unless that right was clearly established. Accordingly, plaintiff's §1983 claims should be dismissed for failure to state a claim.

### 2. Plaintiff's §1983 claims fail as a matter of law because the individual care providers were not state actors for the purposes of §1983.

Action taken by private individuals may be "under color of state law" where there is "significant" state involvement in the action. *Howerton v. Gabica,* 708 F.2d 380, 382 (9th Cir. 1983) (citations omitted). The 9th Circuit has developed four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

The joint action test focuses on whether the state has "so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity." *Gorenc v. Salt River Project Agric. Improvement & Power Dist.,* 869 F.2d 503, 507 (9th Cir. 1989) (quoting *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 725 (1961)). The 9th Circuit requires a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights. *Franklin*, 312 F.3d at 445.

There are no facts that show that Officer McCreadie insinuated himself into a position of interdependence with PMMC care providers. Plaintiff does not indicate that the care providers asked for his help, or that he commanded them to do any specific procedure. Officer McCreadie could have gone to any hospital to perform the procedure, suggesting a lack of interdependence between himself and the care providers. Plaintiff's complaint does not allege facts that show a substantial degree of cooperation between Officer McCreadie and the care providers performing the procedure. The care providers cannot be considered state actors under a joint action theory.

Under the public function test, private individuals become state actors when they are endowed by the state with powers or functions governmental in nature. *Evans v. Newton,* 382

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN
SUPPORT OF MOTION TO DISMISS - 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

U.S. 296, 299 (1966). The function at issue must be both traditionally and exclusively governmental. *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982). The fact that Officer McCreadie brought plaintiff to PMMC shows that the procedures performed by PMMC were not public functions. The care providers performed medical procedures that are traditionally performed by hospitals. The public function theory therefore also fails to show the care providers were state actors in this case.

State action under the state compulsion test may be found where the state has "exercised coercive power or provided such significant encouragement that the private actor's choice must…be deemed to be that of the State." *Johnson v. Knowles,* 113 F.3d 114, 1119 (9th Cir. 1997) (quotation omitted). As noted above, plaintiff has not alleged facts that show that Officer McCreadie commanded or encouraged the care providers to perform the catherization in this case. Without any facts showing that the state compelled the individuals, the state compulsion test fails to show the individuals are state actors.

The government nexus test is satisfied when there is a sufficiently close nexus between the State and the challenged action, such that the action of the private party may be fairly treated as that of the State itself. *Jensen v. Lane Cty.,* 222 F.3d 570, 575 (9th Cir. 2000) (citation omitted). The Supreme Court has provided a non-exhaustive list of circumstances under which the governmental nexus test can be satisfied, including whether the party is controlled by an agency of the state, whether the party is entwined with governmental policies, or when the state is entwined with the party's management or control. *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 296 (2001) (citations omitted). Plaintiff has not elicited facts to show that the care providers were controlled by the state or entwined by the state's control or governmental policies. The government nexus test also fails to show how the care providers acted under state law in this case.

Plaintiff ignores these tests both in her complaint and her response, instead arguing that the key determination is the medical provider's intent. Resp. p. 19. As explained above, more

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

than intent is required for private action to fall under color of state law in the 9th Circuit. Her citation to *George v. Edholm* is unavailing, particularly considering that the court in that case applied the governmental nexus test. 752 F.3d 1026, 1215 (9th Cir. 2014). The court found that a nexus existed between a medical provider's actions and law enforcement because law enforcement provided false information, encouragement, and active physical assistance to the medical provider. *Id.* at 1216. As explained above, there are no such facts in this case such that the providers were under any state control.

Plaintiff has the burden of showing that the care providers were state actors in this case, and it is a burden: "the Ninth Circuit has consistently determined that private hospitals and doctors in §1983 claims fail to come within the color of state law." *Amor v. State,* 2009 U.S. Dist. LEXIS 19606 at *8 (D. Az., Feb. 27 2009) (Citing a litany of 9th Circuit cases). Courts across the country have similarly held. See, e.g. *Nelson v. Cauley*, 2005 U.S. Dist. LEXIS 24844 *aff'd,* 243 Fed. Appx. 876 (5th Cir 2007) (Holding that, without proof of state compulsion, a nurse who performed a catheterization in order to obtain a urine sample was not sufficient to prove she was a state actor); see also *Preston v. New York*, 223 F. Supp. 2d 452 (S.D.N.Y 2002) (Holding that private hospital actors were not state actors simply by complying with their legal duty to report suspected child abuse).

Plaintiff has not alleged facts sufficient to show that the individual care providers were state actors. Accordingly, her §1983 claims fail as a matter of law and should be dismissed.

### 3.   *Plaintiff's §1983 claims fail as a matter of law because PMMC is not subject to* **Monell** *liability for the purposes of §1983*.

In *Monell v. Dep't of Soc. Servs.,* the Supreme Court determined that municipalities and local governments can be sued for constitutional violations under §1983, but not solely on a theory of respondeat superior. 436 U.S. 658, 691 (1978). The 9th Circuit has held that *Monell* applies to private entities as well as municipal entities. *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1139 (9th Cir. 2012). To make a claim against PMMC under *Monell*, plaintiff must show

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

that (1) PMMC acted under color of state law and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of PMMC. See *Id.* at 1139 (citing *Harper v. City of Los Angeles,* 533 F.3d 1010, 1024 (9th Cir. 2008)); see also *Marietta v. Lobue*, 851 Fed. Appx. 108, 109 (9th Cir 2021).[2]

Plaintiff has not alleged facts sufficient to show that PMMC was acting under color of state law according to the tests laid out by the 9th Circuit. The complaint shows no agreement or arrangement between the hospital and the State. The state did not compel the hospital to do anything in this case, nor is there any nexus with the State. The complaint does not provide any avenue for which PMMC could have been acting under the color of state law in this case. Accordingly, as a matter of law, PMMC cannot be liable for a §1983 violation.

Even if a constitutional violation occurred, it was not caused by an official policy or custom of PMMC. Liability for a policy may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency such that the conduct is a traditional method of carrying out policy. *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir. 1996). A single instance of unlawful conduct is only sufficient where the policy can properly be characterized as deliberate indifference to constitutional rights. *Benavidez v. City of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

Plaintiff's reliance on the correspondence cited in the Complaint as a *prima facie* policy or ratification of a policy falls short for several reasons. First, the statement that the hospital "is often asked" to assist law enforcement in evidence collection is not a blanket admission that it *does* assist law enforcement every time they are asked. The letter does not provide direct evidence that the hospital conducts catheterizations "often" at the behest of law enforcement, as plaintiff asserts. Response p. 28. The statement does not specify what procedures law enforcement asks for, or what care medical professionals provide to assist law enforcement.

---

[2] Plaintiff's citation to *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill* is misplaced because the court analyzed the application of a §1983 claim to a public school district, not a private entity as in *Tsao.* 130 F.3d 432, 428 (1997).

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 9

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Furthermore, the letter indicates "[I]f we can avoid taking part with this, we do," showing that the hospital does not always assist law enforcement. Comp. ¶66. The letter does not establish a pattern or practice of duration, frequency and consistency such that a catherization of a patient brought in by law enforcement is the traditional method of carrying out a policy.

At most, the letter refers to a single incident that took place on October 19, 2019. Plaintiff reads between the lines to argue that the letter shows that PMMC was deliberately indifferent to her rights, but her argument again reads more into the letter than what it actually says. Rather than deliberate indifference, the letter shows that the hospital scrutinized the care provided. The letter does not show deliberate indifference to plaintiff's Constitutional rights. It should not be used to permit a single instance of allegedly unlawful conduct to provide *Monell* liability under §1983.

Plaintiff has not alleged facts sufficient to show that a constitutional violation occurred as a result of a PMMC policy in this case. Even if a constitutional violation occurred, PMMC could not be liable under §1983 as a matter of law because any violation was not the result of a hospital policy. For the foregoing reasons, plaintiffs §1983 claims should be dismissed.

    **c. The Court should dismiss plaintiff's respondeat superior claim because it is not a cause of action.**

The Court should dismiss Count Six, which alleges a claim for relief under respondeat superior, because respondeat superior is not a cause of action. A claim may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory. *Balistretri v. Pacifica Police Dep't,* 901 F.2d 629, 699 (9th Cir. 1990). Respondeat superior is a theory of liability, not a cause of action. See *Fidelity Nat. Title Ins. Co. v. Castle,* 2011 U.S. Dist. LEXIS 141297 (N.D. Cal Dec. 8, 2011) (noting as much and dismissing respondeat superior claim). Count Six alleges a claim for relief under respondeat superior, which is not a cognizable legal theory for recovery. Accordingly, Count Six should be dismissed for failure to state a claim.

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 10

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

> d. **The Court should dismiss plaintiff's intentional tort claims because Oregon law provides the hospital and care providers immunity to intentional torts in this case.**

PMMC is immune to intentional tort liability in this case. ORS 133.621 provides that a physician or someone acting under the direction of a physician "may withdraw bodily substances, pierce human tissue, perform medical tests and procedures and otherwise use medical procedures to gather evidence in a criminal investigation." The statute is entitled "Medical procedures" and permits, but does not require, a medical professional to act at the request of a peace officer. *Id.* If the medical professional decides to assist the peace officer, the individual "shall not be held civilly liable for gathering potential evidence in a criminal investigation in a medically acceptable manner at the request of a peace officer." *Id.* The existence of probable cause, a search warrant, or a court order does not affect the individual's immunity. *Id.*

The care providers in this case acted in a medically acceptable manner. Plaintiff cites medical literature that instructs care providers to place the patient's needs before that of law enforcement. Response, p. 15-19.[3] However, the focus of the statute is on the *medical procedure*, not whether or not the care providers chose to fulfil the search warrant in this case, which ORS 133.621 explicitly permitted them to do. Immunity under ORS 133.621 depends on whether the performance of the catheterization procedure in this case was medically acceptable.

The facts of the complaint show that the procedure was, in fact, medically acceptable. PMMC's letter to plaintiff indicates that hospital leadership reviewed the care provided, including her medical record and care protocols for patients with her presentation, and found the care "appropriate." Compl. ¶ 66. Plaintiff has not alleged any other facts to show that the actual

---

[3] PMMC notes that when ruling on a motion to dismiss, a court may generally only consider allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Colony Cove Props., LLC v. City of Carson,* 620 F.3d 948, 955 (9th Cir. 2011). The medical literature cited by plaintiff is not subject to judicial notice because the accuracy of the facts cannot be readily determined from sources whose accuracy cannot reasonably be questioned. See FRE Rule 201. Defendant also reserves all appropriate evidentiary objections to the medical literature.

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 11

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

performance of the procedure was medically unacceptable.[4] Without any facts to show the procedure was medically not acceptable, the court is left with a medically acceptable procedure, implicating the immunity provided by ORS 133.162. Accordingly, the care providers should be immune from liability for the intentional torts alleged in Counts Seven, Eight, Nine and Ten.

## II.     Conclusion

For any or all of the reasons discussed above, PMMC's motions to dismiss should be granted and the claims against PMMC and PMMC care providers should be dismissed.

DATED this 23rd day of March, 2022

                                                       LEWIS BRISBOIS BISGAARD & SMITH LLP

                                                       By:   s/Jennifer K. Oetter
                                                              Jennifer K. Oetter, OSB #953728
                                                              Eric M. Werner, OSB #213834
                                                              Telephone: 971.712.2800
                                                              Facsimile: 971.712.2801

                                                              *Attorneys for Defendant Providence Health & Services – Oregon, dba Providence Medford Medical Center*

---

[4] Plaintiff notes that the catheterization caused a urinary tract infection. Compl. ¶70. However, without more facts as to the timing of her infection, the treatment sought, or the circumstances surrounding the infection, the allegation that it was caused by her catheterization is conclusory and should be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 1949 (2009) ("Rule 8…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

4886-4837-9156.1
DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS - 12

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT PROVIDENCE HEALTH & SERVICES-OREGON'S REPLY IN SUPPORT OF MOTION TO DISMISS** on the following attorneys by the method indicated below on the 23rd day of March, 2022:

*Attorney for Plaintiff:*

| | |
|---|---|
| Mary Sofia, Esq.<br>Sofia Law LLC<br>25 NW 23rd Avenue, Suite 6 #399<br>Portland, OR 97210<br>mary@sofiadefense.com | _____ Via First Class Mail<br>_____ Via Federal Express<br>✓ Via CM/ECF<br>_____ Via Hand-Delivery<br>✓ Via E-Mail |
| Joy Bertrand, Esq.<br>Joy Bertrand Law<br>PO Box 2734<br>Scottsdale, AZ 85252<br>joy@joybertrandlaw.com | _____ Via First Class Mail<br>_____ Via Federal Express<br>✓ Via CM/ECF<br>_____ Via Hand-Delivery<br>✓ Via E-Mail |

*Attorneys for Defendant the City of Ashland, Tighe O'Meara, and Justin McCreadie:*

| | |
|---|---|
| Thomas Armosino, Esq.<br>Casey S. Murdock, Esq.<br>Frohnmayer Deatherage<br>2592 E Barnett Rd<br>Medford, OR  97504<br>armosino@fdfirm.com<br>murdock@fdfirm.com | _____ Via First Class Mail<br>_____ Via Federal Express<br>✓ Via CM/ECF<br>_____ Via Hand-Delivery<br>✓ Via E-Mail |

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   s/Jennifer K. Oette
Jennifer K. Oetter, OSB #953728
Eric M. Werner, OSB #213834
*Attorneys for Defendant Providence Health & Services – Oregon, dba Providence Medford Medical Center*

4886-4837-9156.1 1
CERTIFICATE OF SERVICE - 1

**Lewis Brisbois Bisgaard & Smith LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801