IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LIESE BEHRINGER,                                    Case No. 1:21-cv-01520-CL

          Plaintiff,                          **OPINION AND ORDER**

    v.

CITY OF ASHLAND, *et al.*,

          Defendants.

---

**CLARKE**, Magistrate Judge.

Defendant Providence Health & Services – Oregon, dba Providence Medford Medical Center ("Providence") requests a protective order either quashing or limiting the Rule 30(b)(6) deposition noticed by Plaintiff. Def.'s Second Mot. Prot. Order (#108).

The Motion is GRANTED and DENIED in part for the reasons below.

### LEGAL STANDARD

Federal Rule of Civil Procedure 26 defines the scope of discovery generally as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," must be limited by the Court. Fed. R. Civ. P. 26(b)(2)(C).

When pursuing discovery under Federal Rule of Civil Procedure 30(b)(6), the accompanying deposition notice "must describe with reasonable particularity the matters for

examination," and the organization's designee "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

"[A]ny person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). Such a motion must include a certification of good faith conferral and be supported by "good cause" to issue an order to protect. *Id.*; *see also In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) ("The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted."). In deciding "when a protective order is appropriate and what degree of protection is required," the court is afforded "broad discretion." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## DISCUSSION

Here, based on the arguments raised by the parties in their briefs and at oral argument, the Court grants and denies Providence's Motion as follows.

## I.    The Court GRANTS the Motion as to Topics 1 and 2.

> Topic 1:    Providence Health & Services-Oregon's assistance to law enforcement with DUI investigations throughout Oregon between October 1, 2009 and the present.

> Topic 2:    Providence Health & Services-Oregon's policies and procedures regarding allowing law enforcement in treatment areas of its emergency departments.

Plaintiff's notice as to Topics 1 and 2 fails to provide the requisite level of specificity required by the Federal Rules to ensure that Providence may adequately prepare a designee to testify. It is unreasonable to expect a deponent to testify competently and completely to every occasion in which Providence personnel assisted an officer with a DUI investigation throughout

2 – Opinion and Order

Oregon since 2009. Likewise, requiring the deponent to know all policies regarding officer

presence in treatment areas of Providence's emergency department is unreasonably overbroad. It

is unclear whether this Topic includes officers coming for entirely unrelated or personal matters.

Upon hearing Providence's concerns regarding the scope and detail implicated by these Topics,

Plaintiff's counsel expressed a willingness to tailor the language. Plaintiff is directed to do so.

The Motion is granted as to Topics 1 and 2.

## II.    The Court DENIES the Motion as to Topics 3, 4, 11, 12, 13, and 16.

Topic 3:      Providence Health & Services-Oregon's specific policies, training, and practices relating to the forced catheterization of persons in the course of a law enforcement investigation.

Topic 4:      Providence Health & Services-Oregon's specific policies, training, and practices relating to protecting the medical privacy of persons in its emergency departments' care.

Topic 11:      Identification of any and all policy manuals in effect in October 2019 that Providence Medford Medical Center employees and contractors were required to follow with respect to protecting the privacy of persons in its care.

Topic 12:      Identification of any and all policy manuals in effect in October 2019 that Providence Medford Medical Center employees and contractors were required to follow with respect to ensuring consent to any and all procedures conducted on persons in its care.

Topic 13:      Any and all prior catheterizations of persons at the request of law enforcement, conducted at any and all Providence medical facilities in the State of Oregon, between October 1, 2009 and the present.

Topic 16:      Any and all data collection and maintenance practices regarding Providence's assistance with law enforcement investigations, to include, but not be limited to, the methods of collection and maintenance and the location of that data.

Providence is a named Defendant in this action. As such, Plaintiff is entitled to depose a designated representative of Providence who is prepared and able to testify to matters known or reasonably available to the organization. Information regarding Providence's policies, procedures, and practices is relevant to Plaintiff's claims, and therefore discoverable. The Motion is denied as to Topics 3, 4, 11, 12, 13, and 16.

### III.    The Court GRANTS the Motion as to Topics 5 and 7.

Topic 5:    All facts concerning the presentation, catheterization, and release of Liese Behringer at the Providence Medford Medical Center on or about October 19, 2019.

Topic 7:    Jeanette Grimaldi, D.O.'s employment at Providence Medford Medical Center

In their current form, Topics 5 and 7 seek duplicative discovery. Plaintiff has already deposed the following people: Jeannette Grimaldi, the attending provider for Plaintiff when she was transported to Providence; Heidi Jones, the charge nurse and individual who performed the catheterization at issue in this case; Courtney McCambridge, the triage nurse in the emergency department on the night of Plaintiff's arrest; and Defendant Justin McCreadie, the arresting officer whose body camera recorded nearly all events in question. Plaintiff has also submitted interrogatories and document requests to Providence regarding the employment of these individuals.

To the extent Plaintiff's counsel relies on these Topics to elicit information regarding Providence's employment structure or policies, as alluded to during oral argument, Plaintiff is permitted to tailor the language of the notice to focus on those matters. As stated, however, these two Topics seek duplicative discovery from someone other than the individuals who witnessed the events in question. The Motion is granted as to Topics 5 and 7.

IV.    **The Court GRANTS the Motion as to Topics 6, 8, 9, and 10.**

Topic 6:    The factual basis for each and every affirmative defense asserted by Providence Health & Services-Oregon in its answer to the Plaintiff's Amended Complaint.

Topic 8:    All representations made by Providence Health & Services-Oregon's Disclosure Statements in this matter.

Topic 9:    Providence Health & Services-Oregon's Answer to the Amended Complaint in this matter.

Topic 10:    Identification of any and all state/federal statutes or other industry regulations that the staff of Providence Medford Medical Center followed in 2019 with regards to the catheterization of DUI suspects presented by law enforcement for catheterization.

Providence argues that these topics improperly implicate privileged information, attorney work-product, and contention testimony. The Court agrees.

Courts are split on whether contention topics are an improper topic for a Rule 30(b)(6) deposition. *See, e.g., Zeleny v. Newsom*, No. 17-cv-07357-RS (TSH), 2020 U.S. Dist. LEXIS 100944, at *6–8 (N.D. Cal. June 9, 2020); *see also Arctic Cat, Inc. v. Bombardier Rec. Prods.*, No. 12-cv-2692 (JRT/LIB), 2014 U.S. Dist. LEXIS 192860, at *18–20 (D. Minn. May 23, 2024). This Court has ruled on similar noticed topics that sought all facts and evidence supporting contentions in the complaint and found them unreasonable and improper for a Rule 30(b)(6) deposition. *See Fed. Trade Comm'n v. Adept Mgmt. Inc.*, No. 1:16-CV-00720-CL, 2018 WL 11415859 (D. Or. Apr. 19, 2018).

In this dispute, the Court finds persuasive that Rule 30(b)(6) topics seeking to elicit deposition testimony on all facts in support of a claim or contention, such as Topics 6, 8, 9, and 10, are overly broad, improper topics for a Rule 30(b)(6) deposition. A Rule 30(b)(6) deponent is a lay witness. For Providence's 30(b)(6) designee to know which facts Providence will advance

as supporting its defenses, the designee would require a response fed to him or her by

Providence's counsel. The designee's answer would essentially be a recitation of the information

received by Providence's counsel. Even where the designee is aware of or knows all the

underlying facts of the case, he or she cannot be certain of which facts Providence's counsel will

rely on to support Providence's defenses unless counsel prepares the designee to answer that

question.

     To the extent Plaintiff seeks only to gain information regarding the underlying factual

events of the case, such inquiry is permissible but better suited for witnesses who were present

for the event. The Motion is granted as to Topics 6, 8, 9, and 10.

### V.    The Court DENIES the Motion as to Topics 14 and 15.

        Topic 14:    The scope and findings of any investigation
conducted into the events discussed in the Amended Complaint in
this matter.

        Topic 15:    Any corrective action related to policies,
procedures, practices, or training resulting from or related to the
events discussed in the Amended Complaint in this matter.

     Providence seeks to be shielded from Topics 14 and 15 as well, arguing that they violate

work-product privileges. From the face of these two Topics, it is not clear that Plaintiff is seeking

legal conclusions or otherwise privileged information. Plaintiff's counsel expressed at oral

argument that she seeks only to know what investigations occurred following Plaintiff's arrest,

not documents prepared in anticipation of litigation. Plaintiff is entitled to ask what, if any,

investigations were conducted by Providence following the incident. Defendant will have the

opportunity to object to questions, if any, meant to elicit information protected by the work

product doctrine, privileged attorney-client communications, or other applicable privileges. The

Motion is denied as to Topics 14 and 15.

## CONCLUSION

For the reasons above, Providence's Second Motion for Protective Order (#108) is

GRANTED and DENIED in part. The Motion is granted as to Topics 1, 2, 5, 6, 7, 8, 9, and 10.

Those Topics are to be limited, struck, or revised as provided above prior to the Rule 30(b)(6)

deposition. The Motion is DENIED at to Topics 3, 4, 11, 12, 13, 14, 15, and 16.


IT IS SO ORDERED and DATED this ___ day of _____, 2024.

MARK D. CLARKE
United States Magistrate Judge