**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

**LIESE BEHRINGER,**

Plaintiff,

v.

**CITY OF ASHLAND; PROVIDENCE HEALTH & SERVICES—OREGON; TIGHE O'MEARA; JUSTIN MCCREADIE; JOHN DOE; JANE DOE; JOHN ROE; JANE ROE; ABC CORPORATIONS I-X; BLACK AND WHITE PARTNERSHIPS I-X; SOLE PROPRIETORSHIPS OR TRUSTS I-X,**

Defendants.

No. 1:21-cv-01520-CL

**ORDER**

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Mark Clarke. ECF No. 152. Judge Clarke recommends that Plaintiff's Motion for Partial Summary Judgment, ECF No. 135, be denied; that the City's Motion for Summary Judgment, ECF No. 133, be granted; and that Providence's Motion for Summary Judgment, ECF No. 132, be granted in part and denied in part.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Providence has filed Objections, ECF No. 156, to which Plaintiff has filed a Response, ECF No. 160. Plaintiff has also filed Objections, ECF No. 157, to which the City and Providence has filed Responses. ECF Nos. 158, 159.

In its Response to Plaintiff's Objections, the City preemptively objected to the filing of any reply by Plaintiff, noting that reply briefs are not ordinarily permitted in resolving objections to the findings and recommendation of a magistrate judge.

Despite this, Plaintiff filed a Reply and exhibits. ECF Nos. 161, 162. Plaintiff belated filed a Motion for Leave to file Reply Nunc Pro Tunc, seeking retroactive permission for the filing of her Reply. ECF No. 163. The City responded to this motion, ECF No. 164, and Plaintiff filed a reply in support of her motion. ECF No. 165. The Court DENIES the Motion and declines to consider Plaintiff's improperly filed Reply in support of her Objections. The Court also declines to consider the evidence Plaintiff offers for the first time in support of her Objections. *See Brown v. Roe*, 279 F.3d 742, 745, 744 (9th Cir. 2002) (holding that a district court has discretion, but it not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation, but must "actually exercise its discretion, rather than summarily accepting or denying the motion."). Here, as discussed below, the evidence concerns arguments that were not presented to Judge Clarke in the motions and the objections process is ill-suited to what amounts to a new round of summary judgment motions.

Subsequently, Plaintiff dismissed her claims as to Defendants Providence Health & Services—Oregon; Jane and John Roe Providence Health Care Employees; and affiliated corporations, partnerships, and sole proprietorships or trusts with prejudice and without fees or costs. ECF Nos. 168, 169. This will MOOT the Providence Defendants' Motion for Summary Judgment, ECF No. 132, and the portions of the F&R and Objections concerning that motion.

Turning then to the remaining issues, Judge Clarke recommends that the City's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary

Judgment be denied. Plaintiff's most substantive objection is that Judge Clarke found that Plaintiff had failed to present evidence or rebut the City's arguments concerning *Monell* liability. F&R at 25. Judge Clarke found that Plaintiff has "failed to present evidence that City of Chief O'Meara caused the alleged deprivation of Plaintiff's constitutional rights," and that there was no evidence of a policy, or of similar violations, or an obvious failure to train. This conclusion goes beyond the argument that was actually raised in the City's Motion for Summary Judgment, which argued only that the *Monell* claim fails because there was no constitutional injury. City Mot. at 13-14. The City did not argue in its motion that there was no policy, pattern of similar violations, or obvious failure to train and so Plaintiff was not put in the position of needing to negate such arguments. The Court therefore declines to adopt the F&R's recommendation as to the *Monell* claim and the City's Motion for Summary Judgment will be DENIED as to that claim.

Turning the balance of Plaintiff's Objections, the Court has considered the F&R, the Objections and Responses, and the record and finds no further error. With the exception of the *Monell* claim against the City Defendants and the dismissal of the PeaceHealth Defendants, discussed above, the F&R is ADOPTED.

## CONCLUSION

The F&R, ECF No. 152, is ADOPTED in part and MODIFIED in part. The dismissal of the PeaceHealth Defendants will MOOT PeaceHealth's Motion for Summary Judgment, ECF No. 132. The City's Motion for Summary Judgment, ECF No. 133, is DENIED as to Plaintiff's *Monell* claim and GRANTED as to all other

claims. Plaintiff's Motion for Summary Judgment, ECF No. 135, is DENIED. Plaintiff's Motion for Leave to File a Reply *Nunc Pro Tunc*, ECF No. 163, is DENIED.

It is so ORDERED and DATED this 25th day of September 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge